UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,

    Plaintiff,

v().                                  Case No.:  2:22-cv-552-JLB-KCD

TOLL BROS., INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Toll Bros., Inc.'s Motion to Compel. (Doc. 31.) Plaintiff e-Ventures Worldwide, LLC responded (Doc. 37), making this matter ripe. For the reasons below, Defendant's motion is granted in part and denied in part.

### I. Background

This case stems from a failed real estate transaction. Defendant allegedly refused to sell several homes to Plaintiff because its owner (Jeev Trika) is Indian. (Doc. 29.) Plaintiff seeks relief under the Fair Housing Act, which reportedly prevents ethnic "discrimination by . . . real estate companies as well as other entities, such as Defendant." (*Id.* ¶ 21.)

A few other facts are relevant to this discovery dispute. Plaintiff learned of Defendant's alleged discrimination from Marjorie Johnson, who "worked as

a sales agent in connection with the properties and real estate transaction, which are the subject of this action, and engaged in communications with [Trika]." (Doc. 31 at 2.) During her deposition, Johnson testified that she communicated with Trika and his attorney before this lawsuit. (*Id.* at 4-6.) She specifically recalled sending emails and text messages "dealing with this case." (*Id.* at 5.)

The communications Johnson referenced during her deposition were allegedly not disclosed during discovery. Defendant thus moves to compel Plaintiff to "produce all documents in its possession, custody, or control which are responsive to [Defendant's] Request for Production." (Doc. 31 at 11.)

## II. Standard of Review

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). As this language suggests, discovery is meant to be broad. The information must relate to a claim or defense, but it "need not be admissible in evidence." *Id.* In short, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LRH, 2021 WL 8199894, at *3 (M.D. Fla. Nov. 17, 2021).

The party moving to compel discovery bears the initial burden of proving it is relevant. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-

2

22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). The responding party must then demonstrate how the discovery is improper, unreasonable, or burdensome. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2021 WL 5961144, at *1 (M.D. Fla. Dec. 16, 2021). "When opposing the motion [to compel], a party must show specifically how the requested discovery is" objectionable. *Nolan v. Integrated Real Est. Processing, LP*, No. 3:08-CV-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009).

### III. Discussion

The target of Defendant's motion is not entirely clear. Defendant first asks the Court to compel production of "all documents in [Plaintiff's] possession and/or control which are responsive to [the] Request for Production dated December 19, 2022." (Doc. 31 at 1.) This is fine, as the Court can compel production where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

But later, after discussing Johnson's deposition testimony, Defendant says Plaintiff must produce all the documents she identified. This includes "certain original notes[] she typed, communications, specifically e-mails exchanged with Plaintiff's counsel (Mr. David Fraser) and or his staff[,] and text messages exchanged with Mr. Trika, and emails relating to her affidavit and to documents transmitted to [Plaintiff]." (Doc. 31 at 9.) Notably absent

3

from this more specific demand, however, is any discussion of the discovery requests that require production of these documents. To state the obvious, a party cannot compel the production of documents it never asked for. *See, e.g.*, *Shanshan Zhan v. Univ. of Mississippi Med. Ctr.*, No. 3:14-CV-777-CWR-FKB, 2016 WL 10310986, at *1 (S.D. Miss. Apr. 13, 2016) ("If a party has not properly requested the documents through discovery, it cannot ask the court to compel production.").

The only discovery request mentioned in Defendant's motion is Document Request No. 7. (Doc. 31 at 3.) It seeks "[a]ll documents exchanged between Trika and Johnson during the past five years." (Doc. 31-2.) Many documents Johnson identified in her deposition (and which Defendants demand here) do not fall under this request. For instance, communications between Johnson and Trika's attorney are not responsive. Thus, Defendant's motion to compel is denied to the extent it seeks anything beyond what is covered by Request No. 7—that is, communications between Trika and Johnson. *See Dugas v. Mercedes-Benz USA, LLC*, No. 6:12-CV-02885, 2014 WL 458083, at *1 (W.D. La. Feb. 3, 2014) ("[A party] cannot compel responses to discovery it did not propound.").

As for the documents covered by Request No. 7, the Court agrees they are relevant and discoverable. As mentioned, Johnson allegedly reported the

discrimination to Trika. Their communications are thus germane to this dispute.

As for Plaintiff's burden, it has failed to show that Request No. 7 is improper or unreasonable. *See Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) ("The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted."). Although Plaintiff objected to Request No. 7 when received (*see* Doc. 31-3), it has failed to defend those objections here. (*See* Doc. 34.) "Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned." *Zamperla, Inc. v. I.E. Park SrL*, No. 613CV1807ORL37KRS, 2014 WL 12614505, at *2 (M.D. Fla. Nov. 3, 2014). Accordingly, the Court grants Defendant's motion as much as it seeks an order compelling compliance with Request No. 7. Plaintiff must produce any documents in its possession, custody, or control that were "exchanged between Trika and Johnson during the past five years." (Doc. 31-2.)

Finally, Defendant asks the Court to award "all reasonable attorneys' fees and costs associated with the preparation of [the motion to compel], attending a hearing thereon, and travel to and attendance at Marjorie Johnson's second deposition." (Doc. 31 at 12.)

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require

5

the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Thus, generally, the court must award expenses if a motion to compel is successful. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

But Rule 37 has a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Given Defendant prevailed on only a sliver of the relief requested, and there is some indication Plaintiff supplemented its response to Request No. 7 before the motion was filed (*see* Doc. 34 at 5), the Court exercises its discretion not to award sanctions. *See, e.g.*, *Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2015 WL 5008859, at *2 (M.D. Fla. Aug. 20, 2015).

Accordingly, it is now **ORDERED**:

1. Defendant's Motion to Compel (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**.

2. Within fourteen days of this order, Plaintiff must produce any documents in its possession, custody, or control that are responsive to Request No. 7.

3. Defendant's motion is denied to extent it seeks any relief different than ordered above.

**ENTERED** in Fort Myers, Florida on July 10, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record