UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEEV TRIKA and E-VENTURES
WORLDWIDE, LLC,

     Plaintiffs,

v.                        Case No.:  2:22-cv-552-JLB-KCD

TOLL BROS., INC.,

     Defendant.

_____/

## ORDER

Before the Court is Defendant Toll Bros., Inc.'s Amended Motion to Compel Non-Party Marjorie Johnson to Produce. (Doc. 34.)[1] Although Johnson did not file a response, Plaintiff e-Ventures Worldwide, LLC did. (Doc. 37.) Considering the arguments presented, Defendant's motion is granted in part and denied in part.

### I. Background

Defendant allegedly refused to sell several homes to Plaintiff because its president, Jeev Trika, is Indian. (Doc. 29 ¶¶ 12-14.) So Plaintiff sued for discrimination under the Fair Housing Act. (*Id.* ¶ 22.) A key witness in this

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

dispute is nonparty Marjorie Johnson, who was a sales agent for the failed real estate transaction. (Doc. 34 at 2.)

Defendant served Johnson with a subpoena *duces tecum* that required her to attend a deposition and produce various materials. (Doc. 34-1.) When the parties gathered at 11:00am for the deposition, they quickly realized Johnson brought no documents. (Doc. 34 at 2.) Johnson also informed them she would have to leave by 2:15pm to pick up her child. (*Id.* at 4.)

Defendant claims these transgressions violate the subpoena and now seeks a court order compelling Johnson to attend a second deposition and produce the documents. (*Id.* at 7.) Defendant also wants Johnson "to pay all reasonable attorneys' fees and costs . . . associated with the preparation of this Motion, any hearings thereon, and attendance at a second deposition." (*Id.*) Plaintiff does not object to reconvening for a second deposition and reminding Johnson of her obligation to produce the documents (or state she does not have them). (Doc. 37 at 6.)[2] But Plaintiff argues it is unnecessary to order compliance or award fees and costs. (*Id.*)

## II. Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the

---

[2] Plaintiff's response is not paginated. The Court thus refers to the page numbers assigned by CM/ECF.

case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena documents in a nonparty's possession and require a nonparty to testify at a deposition. Fed. R. Civ. P. 45(a)(1).

Written objections may be served by the nonparty, but they must be made before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived."). If a party objects to a Rule 45 subpoena, it must demonstrate that compliance presents an undue burden or would require the disclosure of privileged or protected information. *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).

## III. Discussion

### A. Order to Enforce the Subpoena

The Court first considers whether to order compliance with the subpoena before turning to the fees and costs request. The record contains no evidence

that Johnson objected to the subpoena or sought a protective order. Defendant asserts she did neither, which is seemingly confirmed by Plaintiff. Moreover, Johnson at least partially complied with the subpoena by appearing for the deposition. (Doc. 34 at 2.) Given these facts, any objections she might have had were waived.

With that settled, the Court has no trouble finding Johnson violated the subpoena which ordered her to produce certain materials at the deposition. Johnson testified that she had responsive documents but did not bring them with her. (Doc. 34-2 at 7.)  "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D).

At her deposition, Johnson seemed to believe she complied with the subpoena by sending any relevant documents to Plaintiff's attorney over a year earlier. (Doc. 34-2 at 7.) Plaintiff argues this merits leniency. (Doc. 37 at 4.) Perhaps so, but it does not erase Johnson's failure to follow the subpoena's clear directive: "You, or your representatives,[3] must also bring with you to the deposition the following documents . . ." (Doc. 34-1 at 3.) And, in any event,

---

[3] Johnson seemed to think Plaintiff's attorney would have brought the documents to the deposition. (Doc. 34-2 at 8.) If Plaintiff's counsel also represented Johnson, then she may have complied with the subpoena after all (or reasonably thought she did). But Johnson made it clear that the attorney she sent the documents to did not represent her. (*Id.* at 10.)

Plaintiff agrees Johnson should have to produce any responsive documents. (Doc. 37 at 4 ("[W]e should extend some accommodation to the unrepresented non-party and explain her obligation to get the documents").) Thus, the Court will order Johnson's compliance with the subpoena's request for documents.

Defendant also seeks an order compelling "Johnson to attend and appear for a second deposition and cooperate with rescheduling same." (Doc. 34 at 7.) Depositions by oral examination are addressed in Federal Rule of Civil Procedure 30. As to duration, it states:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1).

As noted, Johnson attended and began the deposition without objection. (*Id.* at 2.) But mid-way through, she told Defendant she had to leave. (Doc. 34-2 at 24.) Johnson didn't think this would be a problem because she believed the deposition wouldn't last more than two hours. (*Id.*) It's unclear where she got this impression, but it doesn't matter—Defendant could depose her for 7 hours. *See Goins v. Royal Caribbean Cruises, Ltd.*, No. 16-21368-CIV, 2017 WL 5891475, at *2 (S.D. Fla. Oct. 24, 2017) ("Despite the fact that the Defendant represented that the deposition would last only two to three hours, the

Defendant was still entitled to depose Dr. Leavitt for a total of seven hours under Fed. R. Civ. P. 30(d).”). Thus, Johnson should have made herself available for a full day. *See Melvin v. Walmart Inc.*, No. 5:20CV00051/MW/ZCB, 2022 WL 17721597, at *3 (N.D. Fla. Dec. 15, 2022) (“Plaintiff shall attend and fully participate in the deposition. That means Plaintiff shall be prepared to be deposed for up to 7 hours.”); *Jenkins v. Miles*, 553 F. App’x 638, 640 (7th Cir. 2014) (“Rule 30(d)(1) allows for seven straight hours”).

To the credit of all involved, this seems to be an uncontroversial point. Defendant assured Johnson it would accommodate her but she would have to finish the deposition at another time. (Doc. 34-2 at 24.) Johnson affirmed she understood and would do so. (*Id.*) And Plaintiff agrees that “[a] reasonable approach would be to . . . reconvene the deposition as previously offered,” but argues that a court order is unnecessary. (Doc. 37 at 2.) “However, Rule 30(d)(1) allows for one day of questioning, not 7 hours over multiple days.” *Adesanya v. Novartis Pharms. Corp*, 755 F. App’x 154, 158 (3d Cir. 2018). Thus, a second or continued deposition must be “stipulated or ordered by the court.” Fed. R. Civ. P. 30(d). Since there is no stipulation here, an order is necessary.

The parties made it through about four hours of the deposition before they needed to break. And Defendant does not claim it needs more time than the seven hours allowed by Rule 30. Thus, the Court grants Defendant’s

request for a second deposition of up to three hours. *See In re Godfrey*, No. 17-21631-CIV, 2018 WL 11346518, at *7 (S.D. Fla. Sept. 7, 2018) (noting that the amount of time the court grants is discretionary).

## B. Fees and Costs

Having determined that Johnson violated the subpoena, there is the much thornier issue of fees and costs. For this request, Defendant relies on Federal Rules of Civil Procedure 30, 37, and 45. (Doc. 34 at 5-6.) Indeed, there is quite the interplay between these rules, especially when it comes to nonparties.

### 1. Rule 30

Under Rule 30, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Defendant argues that Johnson impeded or delayed her deposition by failure to produce the documents requested and leaving early. And prevailing on a Rule 30(d)(2) motion, according to Defendant, entitles it to reasonable expenses and fees under Federal Rule 37(a)(5)(A), which states:

> If the motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or

> attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

There is case law supporting Defendant's preference to view Rules 37(a) and 30(d)(2) together: "The award of fees and costs as a sanction for a deposition violation is governed by Rule 37(a)(5), the same rule which applies to other discovery violations." *Solar v. Rosenbalm*, No. 3:21-CV-405-MCR-HTC, 2022 WL 3703183, at *1 n.2 (N.D. Fla. Jan. 10, 2022); *see also Masforce Eur., BVBA v. Mastry Marine & Indus. Design, Inc.*, No. 811CV01814T24AEP, 2013 WL 12157874, at *3 (M.D. Fla. June 6, 2013); *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LRH, 2021 WL 8199902, at *7 (M.D. Fla. Dec. 29, 2021); *Davey v. Baptist Health Care Corp.*, No. 3:06CV31/RV/EMT, 2007 WL 9735104, at *2 (N.D. Fla. Feb. 9, 2007).

But there is also precedent that supports the opposite view: "[C]ourts in this circuit generally consider Rule 30(d)(2) and Rule 37 sanctions separately[.]" *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2022 WL 741628, at *2 (M.D. Fla. Feb. 24, 2022); *see also*

*Woliner v. Sofronsky*, No. 18-CV-80305, 2018 WL 5918873 (S.D. Fla. Nov. 13, 2018); *United States v. Twenty-Nine Pre-Columbian & Colonial Artifacts from Peru*, No. 13-21697-CIV, 2015 WL 457903, at *3 (S.D. Fla. Feb. 3, 2015); *Fodor v. E. Shipbuilding Grp.*, No. 5:12CV28/RS/CJK, 2013 WL 12143978, at *4 (N.D. Fla. Oct. 21, 2013); *cf. Liberty Surplus Ins. Corp. v. Kaufman Lynn Constr., Inc.*, No. 22-CIV-80203, 2022 WL 4540974, at *3 (S.D. Fla. Sept. 26, 2022).

To make matters worse, whether Rule 37 applies to *nonparty* participation in depositions is an open question. *See Hernandez v. Tregea*, No. 2:07-CV-149-FTM34SPC, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008) ("[A]bsent entry of a court order requiring 'a deponent to be sworn or to answer a question,' Rule 37 does not provide a remedy for the failure of a non-party witness to appear at a deposition."); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, No. 5:04-CV-12-OC-10GRJ, 2006 WL 1063299, at *1 (M.D. Fla. Mar. 28, 2006) ("Because the instant motion involves a non-party witness who failed to appear at a scheduled deposition, Rule 37 (which applies only to parties) is not applicable. The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45[.]"); *but see Davey*, 2007 WL 9735104, at *2-3 (applying Rule 37(a)'s "substantially justified" and "other circumstances" tests to ultimately impose fees and expenses on nonparty deposition witness under Rule 30(d)); *Grayson*, 2021 WL 8199902, at *7-8

(applying Rule 37(a)'s test but finding an award of expenses against nonparty deponent would be unjust).

In the end, the Court need not decide these issues because sanctions, costs, or fees are not appropriate under any approach. "Wide discretion" applies when considering requests for Rule 30(d)(2) sanctions. *See Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321 (11th Cir. 2023) ("When reviewing discovery motions, 'wide discretion' is proper because a judge's decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation."). In the Court's view, Johnson did not sufficiently impede, delay, or frustrate her own deposition enough to merit shouldering Defendant's fees and expenses. She not only appeared for her deposition, but she was cooperative until she had to leave. And while leaving early is disruptive, it would be unreasonable to stick Johnson with the bill after Defendant promised to accommodate her schedule. Thus, no sanctions are fitting under Rule 30.

Assuming (without deciding) that Rule 37(a)(5) applies to nonparties, Defendant is similarly out of luck. "[A] district court's resolution of a Rule 37 request for sanctions is entitled to great deference." *Baker v. Welker*, 438 F. App'x 852, 855 (11th Cir. 2011). As mentioned, "the court must not order [sanctions] if . . . (ii) the opposing party's nondisclosure, response, or objection

was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Johnson was unrepresented and appeared to be under a reasonable belief that her deposition would end in time for her to grab her child from school. Moreover, when she first mentioned her scheduling conflict, Defendant assured her it would accommodate. Under these circumstances, reasonable people could differ as to her fault, and awarding expenses would be unjust. *See Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) ("[D]iscovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action[.]"). Thus, Rule 37 affords Defendant no relief.

### 2. Rule 45

Defendant's argument under Rule 45 is not entirely clear. To the extent Defendant is requesting fees and expenses through Rule 37 as a sanction for prevailing on this motion to compel under Rule 45, that bridge is closed:

> Although Rule 45(c)(2)(B)(i) authorizes the serving party to "move the issuing court for an order compelling production or inspection," there is no provision in Rule 45 for an award of expenses for bringing such a motion. Such a provision can be found in Rule 37(a)(5)(A), which authorizes an award of "the movant's reasonable expenses incurred in making the motion [to compel], including attorney's fees," but Rule 37(a) does not appear to govern motions to compel production of documents made pursuant to Rule 45.

*Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 672 (N.D. Fla. 2010); *see also Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-MC-1-WWB-LHP, 2023 WL 2351657, at *3 (M.D. Fla. Mar. 3, 2023) ("[U]nlike Rule 37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena[.]"); *U.S. for the Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable.").

But perhaps Defendant is asking the Court to hold Johnson in contempt and sanction her for violating the subpoena. Defendant does cite Rule 45(g), which authorizes the Court to hold a person in contempt. (*Id.* at 5.) But other than a passing citation, Defendant makes no argument on whether and how Rule 45(g) should apply. In the interest of thoroughness, the Court will address these claims—although it generally need not do so. *See Center v. Sec'y, Dep't Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018) ("[W]e have repeatedly explained that arguments briefed in the most cursory fashion are waived."); *Stanley v. City of Florida*, No. 6:20-cv-629-WWB-GJK, 2021 WL 6333059, at *4 (M.D. Fla. Mar. 1, 2021) ("Conclusory, vague, and unsupported arguments are deemed waived and will not be considered by this Court.").

Rule 45 says the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "However, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]" *Golden Krust Franchising, Inc. v. Clayborne*, No. 8:20-MC-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020). Thus, the more appropriate route is to order Johnson to comply with the subpoena and, if she does not, revisit imposing contempt sanctions. *See Fit Tea LLC*, 2023 WL 2351657, at *3 (collecting cases with similar holding). The Court sees no reason to deviate from that approach here.

Accordingly, it is now **ORDERED**:

1. Defendant's Amended Motion to Compel Non-Party Marjorie Johnson to Produce (Doc. 34) is **GRANTED in part as follows:**

   a. Defendant is to serve on Johnson a second subpoena *duces tecum* consistent with the relief granted in this order;

   b. Johnson is **ORDERED** to comply with the second subpoena by attending a second deposition which may not last longer than three hours without stipulation or court order;

   c. Johnson is **ORDERED** to comply with the second subpoena by producing the requested documents at the time of her second deposition according to Federal Rule of Civil Procedure 45;

    d. Defendant is **ORDERED** to serve a copy of this order along with the second subpoena *duces tecum*.

2. Defendant's Amended Motion to Compel Non-Party Marjorie Johnson to Produce (Doc. 34) is **DENIED in part** as follows:

    a. **DENIED** as to any request for sanctions, fees, expenses, or to hold Johnson in contempt;

    b. **DENIED** to the extent that it seeks any relief different than ordered above.

**ENTERED** in Fort Myers, Florida on July 13, 2023.


Kyle C. Dudek
United States Magistrate Judge


Copies:  All Parties of Record