UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE, LLC,

    Plaintiff,

v.   Case No.:  2:22-cv-552-JLB-KCD

TOLL BROS., INC.,

    Defendant.
_____/

## REPORT & RECOMMENDATION

This case stems from a failed real estate transaction. Defendant Toll Bros., Inc. allegedly refused to sell several homes to Plaintiff E-Ventures Worldwide, Inc. because its president, Jeev Trika, is Indian. (Doc. 29 ¶¶ 12-14.) So E-Ventures brought this suit for discrimination under the Fair Housing Act. (*Id.* ¶ 22.)

Several months ago, counsel for E-Ventures moved to withdraw because of "a fundamental and irreparable breakdown of the attorney client relationship." (Doc. 59 at 2.) A hearing was held, and Mr. Trika appeared as a representative for E-Ventures. (Doc. 66.) The Court granted counsel's motion and further advised Mr. Trika that E-Ventures would need to secure a new attorney to continue the suit.

E-Ventures missed the deadline to hire new counsel. (Doc. 77.) The Court thus scheduled a status conference where Mr. Trika again appeared on behalf of E-Ventures. During the status conference, Mr. Trika stated that he was having difficulty finding an attorney and would prefer the case be dismissed. The Court advised Mr. Trika that he could not represent E-Ventures and request a dismissal, but the matter could be dismissed for lack of prosecution if E-Ventures failed to retain counsel. Defendant had no objection to a dismissal for lack of prosecution. The Court thus set another deadline for E-Venture to secure counsel and advised Mr. Trika that dismissal would be recommended if no attorney appeared. (Doc. 83.)

E-Ventures has now missed the latest deadline to secure counsel. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, this Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Since E-Ventures is unwilling to retain counsel and cannot otherwise pursue its claims without an attorney, this case should be dismissed for lack of prosecution. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (noting that "artificial entities" (e.g., corporations,

partnerships, and associations) "may appear in federal courts only through licensed counsel").

Accordingly, it is **RECOMMENDED** that this case **be dismissed without prejudice for lack of prosecution and all pending motions be denied as moot.**

**ENTERED** in Fort Myers, Florida on December 14, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.