UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E-VENTURES WORLDWIDE,
LLC,

    Plaintiff,

v.                                          Case No.:   2:22-cv-552-JLB-KCD

TOLL BROS., INC.,

    Defendant.
_____/

## ORDER

This case was dismissed after Plaintiff e-Ventures Worldwide LLC opted not to pursue its claims. (*See* Doc. 85.)[1] In response to the dismissal, Defendant Toll Bros., Inc. filed a bill of costs. No objections were lodged, so the Clerk entered the bill of costs as required under Fed. R. Civ. P. 54(d)(1). (Doc. 95.)

According to Defendant, Plaintiff is "unwilling to issue payment for the amount in the Bill of Costs." (Doc. 96 at 1.) Defendant thus seeks an order "requiring [Plaintiff] to pay the Bill of Costs within a time specified." (*Id.* at 2.) Or alternatively, "a judgment against [Plaintiff] in the amount of the Bill of Costs including statutory interest and providing for an award of reasonable attorneys' fees." (*Id.*)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

As best the Court can tell, Plaintiff disputes the first request. (Doc. 97 at 2.) Plaintiff claims the bill of costs does not "function[] as an order." (*Id.*) Thus, it does not "confer[] the immediate force of an order" that can be enforced. (*Id.*) Plaintiff offers no argument against Defendant's request for a judgment.

The Court need not decide whether the bill of costs is merely a "procedural mechanism" as Plaintiff claims or an enforceable order. (Doc. 97 at 2.) Either way, telling Plaintiff to pay the bill of costs "would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists." *Scarbrough v. Va. Coll., LLC*, No. 2:18-CV-00738-KOB, 2019 WL 121277, at *2 (N.D. Ala. Jan. 7, 2019). Federal law instead answers what must be done now: "a bill of costs shall be filed in the case and, *upon allowance, included in the judgment or decree*." 28 U.S.C. § 1920 (emphasis added).

No judgment was issued here following dismissal. Thus, the only way to include the cost award in the judgment, as required by § 1920, is to reduce it to a separate judgment. This approach also satisfies Fed. R. Civ. P. 58, which requires a "separate document" for "[e]very judgment and amended judgment" with the following exceptions:

> 1) for judgment under Rule 50(b);
>
> (2) to amend or make additional findings under Rule 52(b);

> (3) for attorney's fees under Rule 54;
>
> (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
>
> (5) for relief under Rule 60.

Fed. R. Civ. P. 58(a). Since a bill of costs "does not fall within any of the enumerated exceptions[,] it is appropriate to enter a separate judgment." *Torres v. Rock & River Food Inc.*, No. 15-22882-CIV, 2017 WL 4993377, at *1 (S.D. Fla. Oct. 23, 2017). Rule 58 also authorizes a party to request a separate judgment, as Defendant has done here. *See* Fed. R. Civ. P. 58(d). Consistent with this authority, the Court will enter a separate judgment so Defendant can pursue collection efforts. *See, e.g., Club Exploria, LLC v. Aaronson, Austin, P.A.*, No. 6:18-CV-576-JA-DCI, 2021 WL 2419299, at *1 (M.D. Fla. May 28, 2021) (collecting cases "wherein other courts entered a separate judgment for costs taxed").

Two final issues. First, Defendant's request that the judgment include statutory interest is unnecessary. *See Reliable Marine Towing & Salvage, LLC v. N. Captiva Barge Co., LLC*, No. 2:23-CV-913-SPC-NPM, 2024 WL 3553296, at *3 (M.D. Fla. July 26, 2024) ("The judgment need not contain any express reference to post-judgment interest because such interest will automatically accrue by statute."). Second, Defendant offers no authority to award attorneys' fees for reducing the bill of costs to a judgment. And the Court "declines to infer

3

a legal basis for [Defendant's] argument where none has been presented." *Club Exploria, LLC*, 2021 WL 2419299, at *2.

Accordingly, it is now **ORDERED**:[2]

1. Defendant's Motion to Enforce Executed Sworn Bill of Costs is **GRANTED IN PART AND DENIED IN PART** as set forth above.

2. The clerk is directed to enter a separate judgment for costs in favor of Defendant in the amount of $12,732.93.

**ENTERED** in Fort Myers, Florida on September 16, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[2] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order, subject to clear error review, for non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). The ruling here falls into the latter category because it does not decide, calculate, or award costs—the clerk has already taxed costs. The Court is merely directing the clerk to take an administrative task required under Rule 58 (*i.e.*, enter a separate judgment for an amount already determined).